

Houston.ind

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
DEC 12 2007
JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 07-00108 |
|---|---|
| Plaintiff, | ) **INDICTMENT** |
| vs. | ) **RECEIPT OF AN ENDANGERED SPECIES**<br>) [16 U.S.C. § 1538] (Counts I & II)<br>) **OFFER TO SELL MIGRATORY BIRDS**<br>) [16 U.S.C. § 703] (Count IV) |
| LESLEE HOUSTON, | ) **ILLEGAL SALE OF WILDLIFE**<br>) **(LACEY ACT)**<br>) [16 U.S.C.. § 3372] (Counts III, V and VI) |
| Defendant. | ) **WIRE FRAUD**<br>) [18 U.S.C. § 1343] (Counts VII, VIII and IX) |

THE GRAND JURY CHARGES:

1. At all times pertinent herein, the U.S. Fish & Wildlife Service, Department of the Interior, was charged with enforcement of the Endangered Species Act, 16 U.S.C. § 1533 *et seq.* Title 16, U.S.C. § 1533(a) directed the Secretary of the Interior (Secretary) to determine and promulgate a list of endangered species, based upon the criteria set forth in that section. The list of endangered species, as set forth in 50 Code of Federal Regulations (CFR) § 17.11, provided that the leopard, *Panthera pardus*, and the tiger, *Panthera tigris*, were endangered species.

2. At all times pertinent herein, the Endangered Species Act, 16 U.S.C. § 1538(a)(1), and 50 C.F.R. §§ 17.21(e) and (f), made it unlawful to deliver, receive, carry, transport or ship in interstate or foreign commerce, by any means whatsoever and in the course of a commercial activity, and to sell or offer for sale in interstate or foreign commerce any species listed in 50 C.F.R. 17.11. At all times pertinent herein, 50 C.F.R. 17.22, allowed the Director of the U.S. Fish & Wildlife Service (the Director) to issue permits authorizing the activities prohibited in 50 C.F.R. 17.21, provided the activities met the permit criteria of this section.

3. At all times pertinent herein, and relevant to the charges below, 50 C.F.R. § 17.21(g) restricted the delivery, receipt, transportation, shipment or sale or offer to sell in interstate or foreign commerce, in the course of a commercial activity, of any tiger (*Panthera tigris*) which had been bred in captivity in the United States, with two limited exceptions: either the tiger was an inter-subspecific crossed or "generic" tiger, as defined by 50 C.F.R. § 17.21(g)(6) or the persons engaged in such activities had registered with the U.S. Fish and Wildlife Service, as required by 50 C.F.R. § 17.21(g)(2).

4. At all times pertinent herein, the U.S. Fish and Wildlife Service, Department of the Interior, was charged with enforcement of the Migratory Bird Treaty Act (MBTA), 16 U.S.C. § 703 *et seq.*, which made it unlawful for any person to take, possess, offer for sale, sell, purchase, barter or offer to barter, or transport any migratory bird, as included in the terms of the conventions between the United States, Great Britain, Mexico, Japan and the Soviet Union. The red-tailed hawk (*Buteo jamaicensis*), the great-horned owl (*Bubo virginianus*), and the black vulture (*Coragyps atratus*) were migratory birds protected under this Act, pursuant to 50 C.F.R. § 10.13. At all times pertinent herein, 50 C.F.R. § 21.11 allowed the Director to issue permits authorizing the activities prohibited by the MBTA, provided that the person met the required criteria.

5. At all times pertinent herein, 50 C.F.R. § 21.12 provided exemptions from the MBTA permitting requirements for certain individuals and institutions, including accredited institutional members of the American Association of Zoological Parks and Aquariums (AAZPA).

6. At all times pertinent herein, Title 7, United States Code, § 2133 *et seq.* charged the Secretary of United States Department of Agriculture (the Secretary) with the licensing of animal dealers and exhibitors, in conformance with the standards promulgated by the Secretary pursuant to 7 U.S.C. § 2143. The Animal and Plant Health Inspection Service (APHIS) was a division of the U.S. Department of Agriculture. APHIS was responsible for the inspection and licensing of exhibitors, as defined by 7 U.S.C. 2132(h) and 9 C.F.R. § 1.1. Every exhibitor was required to apply for and obtain an exhibitor's license, pursuant to 9 C.F.R. § 2.2. APHIS was required by 9 C.F.R. § 2.3(b) to inspect the applicant's premises before issuing an exhibitor's license. Anyone holding an exhibitor's license was required by 9 C.F.R. § 2.5(b) to file an application for license renewal and an annual report, and pay an annual license fee. An exhibitor's license was issued to specific persons for specific premises and did not transfer upon a change of ownership, nor was it valid at a different location, 9 C.F.R. § 2.4.

7. At all times pertinent herein, the defendant, LESLEE HOUSTON, operated a zoo named the Southern Comfort Ranch, and was licensed by APHIS as a Class C exhibitor, License # 97-C-0002. The Southern Comfort Ranch was located on Guam and displayed wildlife, including birds, which species were listed under the Migratory Bird Treaty, and a tiger and two leopards, which species were listed under the Endangered Species Act. Neither LESLEE HOUSTON nor the Southern Comfort Ranch were an accredited institutional member of the AAZPA, nor did either hold any US Fish & Wildlife Service permits authorizing such activities under the Endangered Species Act or the MBTA.

8. At all times pertinent herein, Francisco LG Aldan was the president and treasurer of Tropical Gardens, Inc., a corporation of the Commonwealth of the Northern Mariana Islands. Aldan desired own and operate a zoo on Saipan, CNMI, to be called the Saipan Zoo, and to obtain animals to exhibit at his zoo. Aldan was not an accredited institutional member of the AAZPA, and did not hold any US Fish & Wildlife Service permits authorizing such activities under the Endangered Species Act or the MBTA.

//
//

## COUNT I - RECEIPT OF AN ENDANGERED SPECIES

9. The grand jury realleges and incorporates herein Paragraphs 1-8.

10. On or about December 15, 2003, in the District of Guam, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly receive an endangered species which had been shipped in interstate commerce in the course of a commercial activity, to-wit: a black female leopard *(Panthera pardus)*, approximately 12 weeks old,

All in violation of Title 16, United States Code, Sections 1538 and 1540(b)(1), and 50 C.F.R. §§ 17.11 & 17.21(e).

## COUNT II - RECEIPT OF AN ENDANGERED SPECIES

11. The grand jury realleges and incorporates herein Paragraphs 1-8.

12. On or about July 14, 2004, in the District of Guam, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly receive an endangered species which had been shipped in interstate commerce in the course of a commercial activity, to-wit: a male spotted leopard *(Panthera pardus)*, approximately 12 weeks old,

All in violation of Title 16, United States Code, Sections 1538 and 1540(b)(1), and 50 C.F.R. §§ 17.11 & 17.21(e).

## COUNT III - LACEY ACT

13. The grand jury realleges and incorporates herein Paragraphs 1-8.

14. Beginning on or about August, 2003, and continuing through March 2005, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did knowingly and intentionally transport wildlife with a market value in excess of $350, to-wit: two Leopards (Panthera pardus), knowing that said Leopards had been taken, possess, transported and sold in violation of the laws, treaties or regulations of the United States, to-wit: the Endangered Species Act, 16 U.S.C. §§ 1538(a)(1)(E) and (F), § 1540(b)(1), 50 C.F.R. § 17.11 & 17.21(e)

All in violation of Title 16, United States Code, Section 3372(a)(1), and Title 18, United States Code, Section 2.

//
//

## COUNT IV - OFFER TO SELL MIGRATORY BIRDS

15. The grand jury realleges and incorporates herein Paragraphs 1-8.

16. On or about June 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly offer for sale migratory birds, to-wit: a red-tailed hawk (*Buteo jamaicensis*), a great-horned owl (*Bubo virginianus*), and a black vulture (*Coragyps atratus*),

All in violation of Title 16 United States Code, Section 703; 50 C.F.R. § 10.13; 50 C.F.R. § 21.11, and 50 C.F.R. § 21.12.

## COUNT V - LACEY ACT

17. The grand jury realleges and incorporates herein Paragraphs 1-8.

18. On or about August 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly sell wildlife, to-wit: a male spotted leopard *(Panthera pardus)*, which defendant knew had been transported in interstate commerce and received on Guam in violation of law, to-wit: the Endangered Species Act, Title 16, United States Code, §§ 1538 & 1540(b)(1), and 50 CFR §§ 17.11 & 17.21(e), and which wildlife had a market value in excess of $350,

All in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(B), and 50 CFR § 13.1.

## COUNT VI - LACEY ACT

19. The grand jury realleges and incorporates herein Paragraphs 1-8.

20. On or about August 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly attempt to sell wildlife, to-wit: a black female leopard *(Panthera pardus)*, which defendant knew had been transported in interstate commerce and received on Guam in violation of law, to-wit: the Endangered Species Act, Title 16, United States Code, §§ 1538 & 1540(b)(1), and 50 CFR §§ 17.11 & 17.21(e), and which wildlife had a market value in excess of $350,

All in violation of Title 16, United States Code, Sections 3372(a)(1), and (a)(4) and 3373(d)(B), and 50 CFR § 13.1.

-5-

## COUNT VII - WIRE FRAUD

21. The grand jury realleges and incorporates herein Paragraphs 1-8.

### The Purpose of the Scheme to Defraud

22. Beginning on or about June, 2006, the defendant herein, LESLEE HOUSTON, intended to devise and did devise a scheme and artifice to defraud Francisco LG Aldan of approximately $25,000 in U.S. Currency, by means of false and fraudulent representations and promises, with the purpose of inducing Aldan to purchase wildlife held at the Southern Comfort Ranch without first securing the necessary permits and licenses required by the U.S. Department of Agriculture and the U.S. Fish & Wildlife Service.

### The Scheme

23. It was part of the scheme and artifice to defraud Francisco LG Aldan that the defendant herein, LESLEE HOUSTON, falsely and fraudulently represented that she would apply for and obtain a "secondary site" permit under her APHIS exhibitor's license, which would enable Aldan to legally obtain said wildlife immediately. The defendant herein, LESLEE HOUSTON, did further falsely represent that Aldan would qualify under USDA regulations to operate the Saipan Zoo legally under the Southern Comfort Ranch, Guam, exhibitor's license as a secondary site, and that she had just licensed her New York facility in the same manner.

24. On or about June 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, for the purpose of attempting to execute and executing the scheme and artifice to defraud, as described above, did transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs and signals, to-wit: an electronic mail (e-mail) communication from her computer in New York to Aldan's computer in Saipan, offering the sale of certain animals in her zoo at Southern Comfort Ranch,

All in violation of Title 18, United States Code, Section 1343.

## COUNT VIII - WIRE FRAUD

25. The grand jury realleges and incorporates herein Paragraphs 1-8 and Paragraphs 22-23.

26. On or about August 6, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, for the purpose of attempting to execute and executing the scheme

-6-

and artifice to defraud, as described above in Count VII, did cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs and signals, to-wit: a wire transfer of funds in the amount of $3,000 via Western Union, from the CNMI to Mackenzie Huntsman,

All in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNT XI - WIRE FRAUD

27. The grand jury realleges and incorporates herein Paragraphs 1-8 and Paragraphs 22-23.

28. On or about August 23, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, for the purpose of attempting to execute and executing the scheme and artifice to defraud, as described above in Count VII, did cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs and signals, to-wit: a wire transfer of funds in the amount of $2,000 from the Bank of Hawaii account # 0032-0222286 in the name of Tropical Gardens, Inc., to Cattaraugus County Bank account # 022307820 in the name Mackenzie L. Huntsman,

All in violation of Title 18, United States Code, Sections 2 and 1343.

DATED this  12th  day of December, 2007.

A TRUE BILL.



Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

Reviewed:
By: _____
JEFFREY J. STRAND
First Assistant U.S. Attorney

<u>Criminal Case Cover Sheet</u>                                                                                             <u>U.S. District Court</u>

**Place of Offense:**

City _____Hagåtña_____                    **Related Case Information:**

Country/Parish _____        Superseding Indictment _____ Docket Number **07-00108**
                                          Same Defendant _____         New Defendant __x__
                                          Search Warrant Case Number _____
                                          R 20/ R 40 from District of _____

**Defendant Information:**

       Juvenile: Yes _____ No __X__    Matter to be sealed: _____ Yes __x__ No

Defendant Name     ___LESLEE HOUSTON_____

Alias Name         _____

Address            _____

                   _____

Birthdate _Xx/xx/19_  SS# _xxx-xx-_   Sex _F_  Race _C_  Nationality_ None_

**U.S. Attorney Information:**

AUSA __KARON V. JOHNSON__

Interpreter:  __X__ No ___Yes    List language and/or dialect: _____

**RECEIVED DEC 12 2007 DISTRICT COURT OF GUAM HAGATNA, GUAM**

**Location Status:**

Arrest Date _____

☐ Already in Federal Custody as of _____ in _____

☐ Already in State Custody

☐ On Pretrial Release

**U.S.C. Citations**

Total # of Counts: ___9___            _____ Petty  _____ Misdemeanor __x__ Felony

    **Index Key/Code**            **Description of Offense Charged**                    **Count(s)**

Set    1 _16 USC 1538_           _Receipt of An Endangered Species_          _1 & 2_

Set    2 _16 USC 703_            _Offer to Sell Migratory Birds_             _4_

Set    3 _16 USC 3372_           _Illegal Sale of Wildlife (Lacey Act)_      _3, 5 & 6_

Set    4 _18 USC 1343_           _Wire Fraud_                                _7, 8 & 9_

                                  (May be continued on reverse)

Date: __12/11/07__  Signature of AUSA: _____Karon V. Johnson_____