# United States District Court

Matthew J. Dykman
Clerk of Court
(505) 348-2000

*District of New Mexico*
*Office of the Clerk*
*United States Federal Courthouse*
*333 Lomas Blvd., NW*
*Suite 270*
*Albuquerque, New Mexico  87102*

*Divisional Offices*
*P. O. Box 2384*
*Santa Fe, 87504-2384*
*(505) 988-6481*

*Room E-202*
*200 East Griggs*
*Las Cruces, 88001*
*(505) 525-2304*

*July 10, 2008*

**Clerk, U.S. District Court**
**District of Guam**
**U.S. Courthouse, 4th Floor**
**520 West Soledad Avenue**
**Hagatna, GU  96910-4950**

**FILED**
**DISTRICT COURT OF GUAM**

JUL 1 6 2008

**JEANNE G. QUINATA**
**Clerk of Court**

> **Re:  USA v. LESLEE HOUSTON**
> **Your No. CR 07-00108**
> **Our No. 08-MJ-1571**

Dear Clerk:

   *The above numbered case has been ordered removed to your District.  LESLEE HOUSTON appeared in our district, waived identity, was released and ordered to appear on the 3RD FLOOR MAGISTRATE COURTROOM, 520 W. SOLEDAD, ROOM 302, BEFORE MAGISTRATE JUDGE JOAQUIN V.E. MANIBUSAN, JR. on THURSDAY, JULY 24, 2008, at 11:00 A.M.*

   *You may access electronically filed documents in this case at our ECF/PACER web address http://ecf.nmd.uscourts.gov.  Any documents not available electronically are enclosed in paper format.*

   *Please acknowledge receipt on the enclosed copy of this letter and return to this office.*

   *Sincerely,*

   *MATTHEW J. DYKMAN, Clerk*

   By: _____
   **Magistrate Courtroom Deputy**

**U.S. District Court**
**District of New Mexico - Version 3.2.1 (Albuquerque)**
**CRIMINAL DOCKET FOR CASE #: 1:08-mj-01571-ACT-1**

Case title: USA v. Houston
Other court case number: CR-07-00108 U.S. District Court, District of Guam

Date Filed: 07/03/2008
Date Terminated: 07/10/2008

Assigned to: Magistrate Judge Alan C. Torgerson

### Defendant (1)

**Leslee Houston**
*TERMINATED: 07/10/2008*

represented by **John Van Butcher**
Federal Public Defender's Office
111 Lomas, Blvd, NW
Suite 501
Albuquerque, NM 87102
505-346-2489
Fax: 505-346-2494
Email: john.butcher@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

### Pending Counts

None

**Disposition**

### Highest Offense Level (Opening)

None

### Terminated Counts

None

**Disposition**

### Highest Offense Level (Terminated)

None

### Complaints

16:1538: RECEIPT OF AN ENDANGERED
SPECIES; 16:703: OFFER TO SELL MIGRATORY
BIRDS; 16:3372: ILLEGAL SALE OF WILDLIFE;
18: 1343: WIRE FRAUD

**Disposition**

### Plaintiff

**USA**

represented by **Rhonda P. Backinoff**
United States Attorney's Office
P. O. Box 607
Albuquerque, NM 87103
(505) 346-7274
Email: rhonda.backinoff@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2008 | 11 | LETTER removing case to the District of Guam as to Leslee Houston (ma) (Entered: 07/10/2008) |

| 07/08/2008 | 10 | ORDER that Defendant appear in District of Prosecution as to Leslee Houston by Magistrate Judge Don J. Svet (ma) (Entered: 07/08/2008) |
|---|---|---|
| 07/07/2008 | 9 | Clerk's Minutes for proceedings held before Magistrate Judge Alan C. Torgerson: Detention Hearing as to Leslee Houston held on 7/7/2008 ; Defendant released third party custody with conditions (Tape #FTR/GILA @ 10:21 am.) (ma) (Entered: 07/07/2008) |
| 07/07/2008 | 8 | REDACTED ORDER Setting Conditions of Release as to Leslee Houston (1) Released Third Party by Magistrate Judge Alan C. Torgerson (cl) (Entered: 07/07/2008) |
| 07/03/2008 | 6 | WAIVER of Rule 5 & 5.1 Hearings by Leslee Houston (ma) (Entered: 07/07/2008) |
| 07/03/2008 | 5 | ORDER Setting Conditions of Release as to Leslee Houston (1) Defendant released to Halfway House by Magistrate Judge Alan C. Torgerson (ma) (Entered: 07/07/2008) |
| 07/03/2008 | 4 | Clerk's Minutes for proceedings held before Magistrate Judge Alan C. Torgerson: deft waives the Identity Hearing and admits her identity; Court temporarily releases deft to the halfway house w/conditions for the holiday weekend only; Detention Hearing reset for 7/7/2008 @ 09:30 AM in Albuquerque - 520 Gila Courtroom before Magistrate Judge Alan C. Torgerson. (Tape #FTR-Pecos @ 4:19 pm.) (mlg) (Entered: 07/03/2008) |
| 07/03/2008 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER attorney John Van Butcher for Leslee Houston appointed by Magistrate Judge Alan C. Torgerson (mlg) (Entered: 07/03/2008) |
| 07/03/2008 | 2 | Clerk's Minutes for proceedings held before Magistrate Judge Alan C. Torgerson: Initial Appearance in Rule 5 Proceedings as to Leslee Houston held on 7/3/08; gov't moves to detain; court appoints attorney for deft; detention/identity hearing set 7/3/08 @ 4:00 p.m.; deft remains in custody (Tape #FTR-Pecos @ 3:09 pm.) (mlg) (Entered: 07/03/2008) |
| 07/03/2008 | 1 | Rule 5 Documents Received as to Leslee Houston, Warrant and Indictment (mk) (Entered: 07/03/2008) |
| 07/03/2008 | | Arrest (Rule 5) of Leslie Houston (mk) (Entered: 07/03/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/16/2008 00:41:14 | | |
| **PACER Login:** | us7915 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-mj-01571-ACT |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

INV 2006105346R009

USA

AO 442    (Rev. 08/07) Warrant for Arrest

# UNITED STATES DISTRICT COURT

**FILED**

District of                    GUAM

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

UNITED STATES OF AMERICA

Jul 3 2008 **WARRANT FOR ARREST**

V.

Case Number:  CR-07-00108

LESLEE HOUSTON **MATTHEW J. DYKMAN**

**CLERK**

08mj 1571

To: The United States Marshal
    and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ LESLEE HOUSTON

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment      ☐ Information      ☐ Complaint      ☐ Order of court

☐ Pretrial Release      ☐ Probation      ☐ Supervised Release  ☐ Violation Notice
    Violation Petition      Violation Petition      Violation

charging him or her with  (brief description of offense)

Receipt of an Endangered Species, 16 U.S.C. § 1538, Counts 1 and 2
Offer to Sell Migratory Birds, 16 U.S.C. § 703, Count 4
Illegal Sale of Wildlife (Lacey Act), 16 U.S.C. § 3372, Counts 3, 5 and 6
Wire Fraud, 18 U.S.C. § 1343, Counts 7, 8 and 9

**US Attorney's Office**
**Districts of Guam & NMI**

Time **DEC 12 2007**
Receiving name _JF MWANIKI_
Date keyed in Dbase  12/12/07
Entered into Dbase by: _JC_

☐ in violation of Title _____ United States Code, Section(s) _____

☐ in violation of the conditions of his or her pretrial release imposed by the court.

☐ in violation of the conditions of his or her supervision imposed by the court.

COPY

MARILYN B. ALCON                    _marilyn B. alcon_
Name of Issuing Officer                    Signature of Issuing Officer

Deputy Clerk                    12/12/2007                    Hagatna, Guam
Title of Issuing Officer                    Date and Location

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named individual at |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

ATTACHMENT No. 9.5
Page __1__ of __2__

☐ **ORIGINAL**

INV 2006105346R009

1 | Houston.ind

2 | LEONARDO M. RAPADAS
   | United States Attorney
3 | KARON V. JOHNSON
   | Assistant U.S. Attorney
4 | Suite 500, Sirena Plaza
   | 108 Hernan Cortez Avenue
5 | Hagatna, Guam 96910
   | TEL: (671) 472-7332
6 | FAX: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

DEC 12 2007

JEANNE G. QUINATA
Clerk of Court

7 | Attorneys for the United States of America

8

9

10 |                **IN THE UNITED STATES DISTRICT COURT**

11 |                   **FOR THE DISTRICT OF GUAM**

12

13 | UNITED STATES OF AMERICA,          )    CRIMINAL CASE NO. **07-00108**
                                        )
14 |                      Plaintiff,    )         **INDICTMENT**
                                        )
15 |                                    )    **RECEIPT OF AN ENDANGERED SPECIES**
                                        )    [16 U.S.C. § 1538] (Counts I & II)
16 |            vs.                     )
                                        )    **OFFER TO SELL MIGRATORY BIRDS**
17 |                                    )    [16 U.S.C. § 703] (Count IV)
                                        )
18 | LESLEE HOUSTON,                    )    **ILLEGAL SALE OF WILDLIFE**
                                        )    **(LACEY ACT)**
19 |                                    )    [16 U.S.C. § 3372] (Counts III, V and VI)
   |                      Defendant.    )    **WIRE FRAUD**
20 |                                    )    [18 U.S.C. § 1343] (Counts VII, VIII and IX)

21

22 | THE GRAND JURY CHARGES:

23 |        1. At all times pertinent herein, the U.S. Fish & Wildlife Service, Department of the

24 | Interior, was charged with enforcement of the Endangered Species Act, 16 U.S.C. § 1533 *et seq.*

25 | Title 16, U.S.C. § 1533(a) directed the Secretary of the Interior (Secretary) to determine and

26 | promulgate a list of endangered species, based upon the criteria set forth in that section. The list

27 | of endangered species, as set forth in 50 Code of Federal Regulations (CFR) § 17.11, provided

28 | that the leopard, *Panthera pardus*, and the tiger, *Panthera tigris*, were endangered species.

ATTACHMENT No. 9.4
Page __1__ of __7__

1      2. At all times pertinent herein, the Endangered Species Act, 16 U.S.C. § 1538(a)(1), and

2  50 C.F.R. §§ 17.21(e) and (f), made it unlawful to deliver, receive, carry, transport or ship in

3  interstate or foreign commerce, by any means whatsoever and in the course of a commercial

4  activity, and to sell or offer for sale in interstate or foreign commerce any species listed in 50

5  C.F.R. 17.11. At all times pertinent herein, 50 C.F.R. 17.22, allowed the Director of the U.S.

6  Fish & Wildlife Service (the Director) to issue permits authorizing the activities prohibited in 50

7  C.F.R. 17.21, provided the activities met the permit criteria of this section.

8      3. At all times pertinent herein, and relevant to the charges below, 50 C.F.R. § 17.21(g)

9  restricted the delivery, receipt, transportation, shipment or sale or offer to sell in interstate or

10  foreign commerce, in the course of a commercial activity, of any tiger (*Panthera tigris*) which

11  had been bred in captivity in the United States, with two limited exceptions: either the tiger was

12  an inter-subspecific crossed or "generic" tiger, as defined by 50 C.F.R. § 17.21(g)(6) or the

13  persons engaged in such activities had registered with the U.S. Fish and Wildlife Service, as

14  required by 50 C.F.R. § 17.21(g)(2).

15      4. At all times pertinent herein, the U.S. Fish and Wildlife Service, Department of the

16  Interior, was charged with enforcement of the Migratory Bird Treaty Act (MBTA), 16 U.S.C. §

17  703 *et seq.*, which made it unlawful for any person to take, possess, offer for sale, sell, purchase,

18  barter or offer to barter, or transport any migratory bird, as included in the terms of the

19  conventions between the United States, Great Britain, Mexico, Japan and the Soviet Union. The

20  red-tailed hawk (*Buteo jamaicensis*), the great-horned owl (*Bubo virginianus*), and the black

21  vulture (*Coragyps atratus*) were migratory birds protected under this Act, pursuant to 50 C.F.R.

22  § 10.13. At all times pertinent herein, 50 C.F.R. § 21.11 allowed the Director to issue permits

23  authorizing the activities prohibited by the MBTA, provided that the person met the required

24  criteria.

25      5. At all times pertinent herein, 50 C.F.R. § 21.12 provided exemptions from the MBTA

26  permitting requirements for certain individuals and institutions, including accredited institutional

27  members of the American Association of Zoological Parks and Aquariums (AAZPA).

28

–2–

1      6. At all times pertinent herein, Title 7, United States Code, § 2133 *et seq.* charged the

2  Secretary of United States Department of Agriculture (the Secretary) with the licensing of animal

3  dealers and exhibitors, in conformance with the standards promulgated by the Secretary pursuant

4  to 7 U.S.C. § 2143. The Animal and Plant Health Inspection Service (APHIS) was a division of

5  the U.S. Department of Agriculture. APHIS was responsible for the inspection and licensing of

6  exhibitors, as defined by 7 U.S.C. 2132(h) and 9 C.F.R. § 1.1. Every exhibitor was required to

7  apply for and obtain an exhibitor's license, pursuant to 9 C.F.R. § 2.2. APHIS was required by 9

8  C.F.R. § 2.3(b) to inspect the applicant's premises before issuing an exhibitor's license. Anyone

9  holding an exhibitor's license was required by 9 C.F.R. § 2.5(b) to file an application for license

10  renewal and an annual report, and pay an annual license fee. An exhibitor's license was issued to

11  specific persons for specific premises and did not transfer upon a change of ownership, nor was it

12  valid at a different location, 9 C.F.R. § 2.4.

13      7. At all times pertinent herein, the defendant, LESLEE HOUSTON, operated a zoo

14  named the Southern Comfort Ranch, and was licensed by APHIS as a Class C exhibitor, License

15  # 97-C-0002. The Southern Comfort Ranch was located on Guam and displayed wildlife,

16  including birds, which species were listed under the Migratory Bird Treaty, and a tiger and two

17  leopards, which species were listed under the Endangered Species Act. Neither LESLEE

18  HOUSTON nor the Southern Comfort Ranch were an accredited institutional member of the

19  AAZPA, nor did either hold any US Fish & Wildlife Service permits authorizing such activities

20  under the Endangered Species Act or the MBTA.

21      8. At all times pertinent herein, Francisco LG Aldan was the president and treasurer of

22  Tropical Gardens, Inc., a corporation of the Commonwealth of the Northern Mariana Islands.

23  Aldan desired own and operate a zoo on Saipan, CNMI, to be called the Saipan Zoo, and to

24  obtain animals to exhibit at his zoo. Aldan was not an accredited institutional member of the

25  AAZPA, and did not hold any US Fish & Wildlife Service permits authorizing such activities

26  under the Endangered Species Act or the MBTA.

27  //

28  //

-3-

## COUNT I - RECEIPT OF AN ENDANGERED SPECIES

9. The grand jury realleges and incorporates herein Paragraphs 1-8.

10. On or about December 15, 2003, in the District of Guam, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly receive an endangered species which had been shipped in interstate commerce in the course of a commercial activity, to-wit: a black female leopard *(Panthera pardus)*, approximately 12 weeks old,

All in violation of Title 16, United States Code, Sections 1538 and 1540(b)(1), and 50 C.F.R. §§ 17.11 & 17.21(e).

## COUNT II - RECEIPT OF AN ENDANGERED SPECIES

11. The grand jury realleges and incorporates herein Paragraphs 1-8.

12. On or about July 14, 2004, in the District of Guam, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly receive an endangered species which had been shipped in interstate commerce in the course of a commercial activity, to-wit: a male spotted leopard *(Panthera pardus)*, approximately 12 weeks old,

All in violation of Title 16, United States Code, Sections 1538 and 1540(b)(1), and 50 C.F.R. §§ 17.11 & 17.21(e).

## COUNT III - LACEY ACT

13. The grand jury realleges and incorporates herein Paragraphs 1-8.

14. Beginning on or about August, 2003, and continuing through March 2005, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did knowingly and intentionally transport wildlife with a market value in excess of $350, to-wit: two Leopards (Panthera pardus), knowing that said Leopards had been taken, possess, transported and sold in violation of the laws, treaties or regulations of the United States, to-wit: the Endangered Species Act, 16 U.S.C. §§ 1538(a)(1)(E) and (F), § 1540(b)(1), 50 C.F.R. § 17.11 & 17.21(e)

All in violation of Title 16, United States Code, Section 3372(a)(1), and Title 18, United States Code, Section 2.

//

//

-4-

ATTACHMENT No. 9.4
Page __4__ of __7__

## COUNT IV - OFFER TO SELL MIGRATORY BIRDS

15. The grand jury realleges and incorporates herein Paragraphs 1-8.

16. On or about June 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly offer for sale migratory birds, to-wit: a red-tailed hawk (*Buteo jamaicensis*), a great-horned owl (*Bubo virginianus*), and a black vulture (*Coragyps atratus*),

All in violation of Title 16 United States Code, Section 703; 50 C.F.R. § 10.13;  50 C.F.R. § 21.11, and 50 C.F.R. § 21.12.

## COUNT V - LACEY ACT

17. The grand jury realleges and incorporates herein Paragraphs 1-8.

18. On or about August 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly sell wildlife, to-wit: a male spotted leopard (*Panthera pardus*), which defendant knew had been transported in interstate commerce and received on Guam in violation of law, to-wit: the Endangered Species Act, Title 16, United States Code, §§ 1538 & 1540(b)(1), and 50 CFR §§ 17.11 & 17.21(e), and which wildlife had a market value in excess of $350,

All in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(B), and 50 CFR § 13.1.

## COUNT VI - LACEY ACT

19. The grand jury realleges and incorporates herein Paragraphs 1-8.

20. On or about August 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, did unlawfully and knowingly attempt to sell wildlife, to-wit: a black female leopard (*Panthera pardus*), which defendant knew had been transported in interstate commerce and received on Guam in violation of law, to-wit: the Endangered Species Act, Title 16, United States Code, §§ 1538 & 1540(b)(1), and 50 CFR §§ 17.11 & 17.21(e), and which wildlife had a market value in excess of $350,

All in violation of Title 16, United States Code, Sections 3372(a)(1), and (a)(4) and 3373(d)(B), and 50 CFR § 13.1.

–5–

INV 2006105346R009

## COUNT VII - WIRE FRAUD

21. The grand jury realleges and incorporates herein Paragraphs 1-8.

### The Purpose of the Scheme to Defraud

22. Beginning on or about June, 2006, the defendant herein, LESLEE HOUSTON, intended to devise and did devise a scheme and artifice to defraud Francisco LG Aldan of approximately $25,000 in U.S. Currency, by means of false and fraudulent representations and promises, with the purpose of inducing Aldan to purchase wildlife held at the Southern Comfort Ranch without first securing the necessary permits and licenses required by the U.S. Department of Agriculture and the U.S. Fish & Wildlife Service.

### The Scheme

23. It was part of the scheme and artifice to defraud Francisco LG Aldan that the defendant herein, LESLEE HOUSTON, falsely and fraudulently represented that she would apply for and obtain a "secondary site" permit under her APHIS exhibitor's license, which would enable Aldan to legally obtain said wildlife immediately. The defendant herein, LESLEE HOUSTON, did further falsely represent that Aldan would qualify under USDA regulations to operate the Saipan Zoo legally under the Southern Comfort Ranch, Guam, exhibitor's license as a secondary site, and that she had just licensed her New York facility in the same manner.

24. On or about June 16, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, for the purpose of attempting to execute and executing the scheme and artifice to defraud, as described above, did transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain signs and signals, to-wit: an electronic mail (e-mail) communication from her computer in New York to Aldan's computer in Saipan, offering the sale of certain animals in her zoo at Southern Comfort Ranch,

All in violation of Title 18, United States Code, Section 1343.

## COUNT VIII - WIRE FRAUD

25. The grand jury realleges and incorporates herein Paragraphs 1-8 and Paragraphs 22-23.

26. On or about August 6, 2006, in the District of Guam and elsewhere, the defendant herein, LESLEE HOUSTON, for the purpose of attempting to execute and executing the scheme

–6–

ATTACHMENT No. 9.4
Page   6   of   7

1  and artifice to defraud, as described above in Count VII, did cause to be transmitted in interstate

2  and foreign commerce, by means of a wire communication, certain signs and signals, to-wit: a

3  wire transfer of funds in the amount of $3,000 via Western Union, from the CNMI to Mackenzie

4  Huntsman,

5       All in violation of Title 18, United States Code, Sections 2 and 1343.

6             **COUNT XI - WIRE FRAUD**

7      27.  The grand jury realleges and incorporates herein Paragraphs 1-8 and Paragraphs 22-23.

8      28.  On or about August 23, 2006, in the District of Guam and elsewhere, the defendant

9  herein, LESLEE HOUSTON, for the purpose of attempting to execute and executing the scheme

10  and artifice to defraud, as described above in Count VII, did cause to be transmitted in interstate

11  and foreign commerce, by means of a wire communication, certain signs and signals, to-wit: a

12  wire transfer of funds in the amount of $2,000 from the Bank of Hawaii account # 0032-0222286

13  in the name of Tropical Gardens, Inc., to Cattaraugus County Bank account # 022307820 in the

14  name Mackenzie L. Huntsman,

15       All in violation of Title 18, United States Code, Sections 2 and 1343.

16       DATED this  12th  day of December, 2007.

17                          A TRUE BILL.

18

19

20                                

Foreperson

LEONARDO M. RAPADAS

21  United States Attorney

Districts of Guam and NMI

22

23  By: _____

KARON V. JOHNSON

24  Assistant U.S. Attorney

25  Reviewed:

26  By: _____

JEFFREY J. STRAND

27  First Assistant U.S. Attorney

28

-7-

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
## ALBUQUERQUE, NEW MEXICO

### CLERK'S MINUTES - PECOS COURTROOM
### BEFORE THE HONORABLE ALAN C. TORGERSON

DEFENDANTS:                    TYPE OF HEARING:  INITIAL

  LESLEE HOUSTON               CASE NO.  08-mj-1571

_____ DATE _____ 7/3/08 _____

_____       INTERPRETER _____

                              CLERK:  Mary Lou Gonzales

**NAMES AND TITLES OF OTHER PARTICIPANTS:**

AUSA  RHONDA BACKINOFF              PRO SE

_____       _____ ( ) APPT ( ) RET

_____       _____ ( ) APPT ( ) RET

_____       _____ ( ) APPT ( ) RET

PTS/PROB OFFICER  Monica Hoyle

| TAPE NO. | SPEAKER | TAPE NO. | SPEAKER |
|----------|---------|----------|---------|
| FTR-PECOS | | | |
| _____ | _____ | _____ | _____ |
| @ 3:09 pm | Court/Counsel | _____ | _____ |
| 3:20 pm | End | _____ | _____ |
| (COURT TIME: 18 mins.) | | _____ | _____ |
| _____ | _____ | _____ | _____ |

**DATE OF ARREST: ____    UNSEAL CASE?**

**HEARING RESULTS/FINDINGS:** Deft sworn; deft advised of rights and penalties; court appoints attorney for deft; deft to submit financial affidavit and if found able to pay for attorney's services, deft shall reimburse the gov't for attorney's fees; Gov't moves to detain and requests pursuant to 18 U.S.C. §3142 that the detention hearing be continued; court sets detention/identity  hearing 7/3/08 @ 4:00 p.m.  Court remands deft to the custody of the U.S. Marshal.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

vs.

                                         **CASE NO.  08-mj-1571**

**LESLEE HOUSTON,**

        **Defendant.**

## O R D E R

The financial inability of the Defendant to retain counsel having been established by the Court, and the Defendant not having waived the appointment of counsel,

IT IS ORDERED that **JOHN BUTCHER** of the Federal Public Defender Organization, District of New Mexico, is hereby appointed to represent said Defendant in this cause of action until further order of the Court.

IT IS FURTHER ORDERED that the question of reimbursement, if any, which may be assessed against defendant for the services of an attorney will be deferred.

                                      _____

                                   HON. ALAN C. TORGERSON
                                   UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**ALBUQUERQUE, NEW MEXICO**

**CLERK'S MINUTES - PECOS COURTROOM**
**BEFORE THE HONORABLE ALAN C. TORGERSON**

DEFENDANTS:                          TYPE OF HEARING:__DET / IDENTITY HRG__

_LESLEE HOUSTON_____          CASE NO. __08-mj-1571_____

_____            DATE _____7/3/08_____

_____            INTERPRETER _____

                                    CLERK: __Mary Lou Gonzales_____

**NAMES AND TITLES OF OTHER PARTICIPANTS:**

AUSA _RHONDA BACKINOFF_____        PRO SE

_____              _____ ( ) APPT ( ) RET

_____              _____( ) APPT ( ) RET

_____              _____( ) APPT ( ) RET

PTS/PROB OFFICER __David Hoffman & Andrew Selph_____

| TAPE NO. | SPEAKER | TAPE NO. | SPEAKER |
|----------|---------|----------|---------|
| FTR-PECOS | | | |
| ____ ____ | | ____ ____ |
| @ 4:19 pm | Court/Counsel | ____ ____ |
| 4:31 pm | End | ____ ____ |
| (COURT TIME: 11 mins.) | | ____ ____ |
| ____ ____ | | ____ ____ |

**DATE OF ARREST:** ____    **UNSEAL CASE?**
**HEARING RESULTS/FINDINGS:** Deft sworn; Deft admits identity and waives the
identity hearing. Court releases deft to the Halfway House for the holiday weekend only on
conditions. Detention hearing reset on Monday 7/7/08 @ 9:30 am.

 AO 199A    (Rev. 6/97) Order Setting Conditions of Release                                    PAGE 1 OF 3 PAGES

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL − 3 2008

MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

VS.

LESLEE HOUSTON
DEFENDANT

**ORDER SETTING CONDITIONS**
**OF RELEASE**

CASE NUMBER:   08-MJ-1571

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as

directed.  The defendant shall appear at (if blank, to be notified)   Pete Domenici U.S. Courthouse, 333 Lomas NW
                                                                        Place

Albuquerque, NM 87102 _____ on ____ Monday, July 7, 2008 @ 9:30 am, Gila Courtroom, 5th Floor
                                            Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( X ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(    ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( X ) (6)    The defendant is placed in the custody of:

| (Name of person or organization) | La Pasada Halfway House | | |
| (Address) | 2206 Fourth Street NW | | |
| (City and state) | Albuquerque, NM  87102 | (Tel. No.) | (505) 242-5606 |

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____    _____
                                Custodian or Proxy                        Date

( X ) (7)    The defendant shall:

( X ) (a)    report to the    Pro-Trial Serivces/Probation Officer as directed    ,
             telephone number _____ , not later than _____ .

(    ) (b)    execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

(    ) (c)    post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

(    ) (d)    execute a bail bond with solvent sureties in the amount of $ _____ .

(    ) (e)    maintain or actively seek employment.

(    ) (f)    maintain or commence an education program.

(    ) (g)    surrender any passport to: _____

(    ) (h)    obtain no passport.

( X ) (i)    abide by the following restrictions on personal association, place of abode, or travel:
             Travel is restricted to Bernalillo County or as otherwise authorized by supervising officer

(    ) (j)    avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or
             prosecution, including but not limited to: _____
             witnesses in  this case.

(    ) (k)    undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

(    ) (l)    return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment,
             schooling, or the following limited purpose(s):

( X ) (m)    maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

( X ) (n)    refrain from possessing a firearm, destructive device, or other dangerous weapons.

( X ) (o)    refrain from    ( X ) any    (    ) excessive use of alcohol.

( X ) (p)    refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical
             practitioner.

( X ) (q)    submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.
             Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
             prohibited substance screening or testing.

( X ) (r)    participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

( X ) (s)    refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic
             monitoring which is (are) required as a condition(s) of release.

(    ) (t)    participate in one of the following home confinement program components and abide by all the requirements of the program which    (    ) will or
             (    ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability
             to pay as determined by the pretrial services office or supervising officer.
             (    ) (i) Curfew. You are restricted to your residence every day    (    ) from _____ to _____ , or    (    ) as directed by the pretrial
                   services office or supervising officer, or
             (    ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or
                   mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office
                   or supervising officer; or
             (    ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances
                   pre-approved by the pretrial services office or supervising officer.

( X ) (u)    report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any
             arrest, questioning, or traffic stop.

( X ) (v)    Defendant must stay at the Halfway House for the Holiday Weekend  and return to Court on Monday, 7/7/08 @ 9:30 a.m.

(    ) (w)    _____

(    ) (x)    _____

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____        _____
Witness                                          Signature of Defendant
         Deputy Clerk

                                                 2206 Fourth Street NW
                                                 _____
                                                              Address

                                                 Albuquerque, NM  87102    (505)    242-5606
                                                 _____
                                                 City and State                   Telephone

## Directions to United States Marshal

(  ) The defendant is ORDERED released after processing.

( X ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date: _____07/03/2008_____        _____
                                                          Signature of Judicial Officer
                                                          HON. ALAN C. TORGERSON
                                                          U.S. MAGISTRATE JUDGE
                                                          _____
                                                          Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

# FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DISTRICT OF                      NEW MEXICO

UNITED STATES OF AMERICA

JUL 0 3 2008 WAIVER OF RULE 5 & 5.1 HEARINGS

(Complaint/Indictment)

V.

MATTHEW J. DYKMAN

CLERK

Leslee Houston

Defendant

CASE NUMBER: 08 mJ 1571

CHARGING DISTRICTS
CASE NUMBER: CR-07-10S

I understand that charges are pending in the _____ District of Guam

alleging violation of 16 USC. §§ 1538, 703 & 3372    and that I have been arrested in this district and
18 USC. § 1343
(Title and Section)

taken before a judge, who has informed me of the charge(s) and my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable
        cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution;
        and

(4)     Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

## I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

(X) identity hearing

(  ) preliminary hearing

(  ) identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of
    an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
Defendant

July 3, 2008
Date

_____
Defense Counsel

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

FILED
UNITED STATES
DISTRICT COURT

08 JUL -7 PH 1:42

CLERK ALBUQUERQUE

UNITED STATES OF AMERICA

vs.

## ORDER SETTING CONDITIONS OF RELEASE

| LESLEE HOUSTON | CASE NUMBER: 08-MJ-1571 |
|---|---|
| **DEFENDANT** | |

IT IS ORDERED that the release of the defendant is subject to the following conditions:

    (1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

    (3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as

    directed. The defendant shall appear at (if blank, to be notified) _____

                                                        Place

_____ on _____
                                                  Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( X ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(      ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

_____ dollars ($ _____ )

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( X ) (6)    The defendant is placed in the custody of:

(Name of person or organization)    ERYNN ELIZABETH PIERCE

(Address)

(City and state)    (Tel. No.)

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____    7/7/08
Custodian or Proxy    Date

( X ) (7)    The defendant shall:

(X ) (a)    report to the    Pre-Trial Serivces/Probation Officer as directed    ,
telephone number _____ , not later than _____ .

(  ) (b)    execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

(  ) (c)    post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described

(  ) (d)    execute a bail bond with solvent sureties in the amount of $ _____ .

(  ) (e)    maintain or actively seek employment.

(  ) (f)    maintain or commence an education program.

(  ) (g)    surrender any passport to:

(  ) (h)    obtain no passport.

(X ) (i)    abide by the following restrictions on personal association, place of abode, or travel:
Travel is restricted to Sandoval County and travel to meet with her attorney or for court appearances in Guam, or as otherwise authorized by PTS

(X ) (j)    avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:    Defendant may have contact with Barry Cox , but shall have no contact with any other witnesses in this case.

(  ) (k)    undergo medical or psychiatric treatment and/or remain in an institution as follows: _____

(  ) (l)    return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

(  ) (m)    maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

(X ) (n)    refrain from possessing a firearm, destructive device, or other dangerous weapons.

(X ) (o)    refrain from  ( X ) any  (  ) excessive use of alcohol.

(X ) (p)    refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(X ) (q)    submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

(  ) (r)    participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services or supervising officer.

(  ) (s)    refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

(  ) (t)    participate in one of the following home confinement program components and abide by all the requirements of the program which  (  ) will or
(  ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
(  )  (i) Curfew. You are restricted to your residence every day  (  ) from _____ to _____ , or  (  ) as directed by the pretrial services office or supervising officer; or
(  )  (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
(  )  (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

(X ) (u)    report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(X ) (v)    Defendant must resolve outstanding warrants with in 60 days.

(X ) (w)    Weapons in the home of the Third Party Custodian must be immediately removed.

(  ) (x)    _____

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO
## ALBUQUERQUE, NEW MEXICO

### CLERK'S MINUTES - GILA COURTROOM
### BEFORE THE HONORABLE ALAN C. TORGERSON

DEFENDANTS:                              TYPE OF HEARING:__DETENTION

 LESLEE HOUSTON_____                    CASE NO. __08-mj-1571_____

_____             DATE _____7/7/08_____

_____             INTERPRETER _____None_____

                                         CLERK: __Mary Lou Gonzales_____

**NAMES AND TITLES OF OTHER PARTICIPANTS:**

AUSA __KIMBERLY BRAWLEY___              JOHN BUTCHER, AFPD

_____        _____ ( ) APPT ( ) RET

_____        _____( ) APPT ( ) RET

_____        _____( ) APPT ( ) RET

PTS/PROB OFFICER __Sandra Avila-Toledo_____

| TAPE NO. | SPEAKER | TAPE NO. | SPEAKER |
|---|---|---|---|
| FTR-GILA | | 11:18 am | Brawley_____ |
| _____ | _____ | 11:18 am | Court_____ |
| @ 10:21 am | Court/Counsel | 11:25 am | End_____ |
| 10:22 am | Recess_____ | (Court Time: 19 mins.)_____ | |
| 11:07 am | Court/Counsel | _____ | _____ |
| 11:11 am | Butcher Proffer | _____ | _____ |

DATE OF ARREST: ____    UNSEAL CASE?_

**HEARING RESULTS/FINDINGS: Deft sworn;  Deft has already hired an attorney to represent her in Guam.  Deft requests release to third party custody of daughter; gov't doesn't oppose release. Deft released to the third party custody of her daughter Ms. Pierce w/conditions and must resolve all outstanding arrest warrants in 60 days.**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
OFFICE OF THE CLERK
Suite 270
333 LOMAS BLVD. N.W.
ALBUQUERQUE, NEW MEXICO 87102

OFFICIAL BUSINESS

RECEIVED

JUL 16 2008

DISTRICT COURT OF GUAM
HAGATNA, GUAM

9691034916 C001

Clerk, U.S. District Court
District of Guam
U.S. Courthouse, 4th Floor
520 West Soledad, Avenue
Hagatna, GU 96910-4950