William L. Gavras, Esq.
LAW OFFICES OF WILLIAM L. GAVRAS
A Professional Corporation
101 Salisbury Street
Dededo, Guam 96929
Telephone: 632-4357
Facsimile: 632-4368

Attorney for Defendant
Leslee Houston



**FILED**
DISTRICT COURT OF GUAM

AUG 2 8 2008

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00108 |
| Plaintiff, | |
| vs. | MOTION TO PERMIT DEFENDANT TO WAIVE APPEARANCE AT ARRAIGNMENT PURSUANT TO RULE 10(b) |
| LESLEE HOUSTON, | |
| Defendant. | |

Comes Now Defendant, by and through counsel, and for her Motion To Permit Defendant To Waive Appearance At Arraignment Pursuant To Rule 10(b) states as follows:

Rule 10(b) states:

A defendant need not be present for the arraignment if:

    (1) the defendant has been charged by indictment or misdemeanor information;
    (2) the defendant, in a written waiver signed by both the defendant and defense counsel, has waived appearance and has affirmed that the defendant received a copy of the indictment or information and that the plea is not guilty; and
    (3) the court accepts the waiver.

The defendant, Leslee Houston, meets the first condition as she has been charged by indictment. The second condition, a written waiver signed by both the defendant and counsel and is presented as Exhibit A.

*ORIGINAL*

**USA v. Houston, et. al.; 07-00108**
**Motion to Permit Defendant to Waive Appearance At Arraignment Pursuant To Rule 10(B)**
**August 2008**

The third condition, that the court accept the waiver, is now being requested. The Committee notes to the 2002 Amendments to Rule 10 states, "The question of when it would be appropriate for a defendant to waive appearance is not spelled out in the rule. *That is left to the defendant and the court in each case.*"[1] However, some guidance was given by Committee in stating:

> If the trial court has reason to believe that in a particular case the defendant should not be permitted to waive the right, the court may reject the waiver and require that the defendant actually appear in court. That might be particularly appropriate when the court wishes to discuss substantive or procedural matters in conjunction with the arraignment and the court believes that the defendant's presence is important in resolving those matters. It might also be appropriate to reject a requested waiver where an attorney for the government presents reasons for requiring the defendant to appear personally.

The arraignment in the instant case is typical and requires no special discussion of substantive or procedural matters. The fact that the Defendant did not appear at her prior scheduled arraignment was through no fault of hers. See Exhibit B (letter from public defender – District of New Mexico).

Reasons to permit waiver of appearance are compelling. The Defendant is on a fixed income of $2500 per month which is the approximate cost of a round trip airline

---

[1] Rule 10 by its explicit terms does not require the consent of the Government. The Committee notes buttress the fact that no requirement exists that the Government consent as it states that the decision is "left to the defendant and the court."
  Additionally, governs when a defendant must be present for a court proceeding, and prior to the 2002 amendments, it stated that at least in felony cases, "[t]he defendant shall be present at the arraignment." In 2002 Rule 43 was amended to say that "[u]nless this rule ... or Rule 10 provides otherwise," the defendant must be present at the arraignment, to bring Rule 43 into conformity with new Rule 10(b). See, Rule 43 committee notes, 2002 amendment. Order of the Supreme Court, 207 F.R.D. 89, 594 (2002).

<u>USA v. Houston, et. al.; 07-00108</u>
Motion to Permit Defendant to Waive Appearance At Arraignment Pursuant To Rule 10(B)
August 2008

ticket. She has just begun to supplement her income by building children's furniture for individuals. Defense counsel is representing Defendant *pro bono* or at an extremely reduced fee (based on a prior attorney client relationship spanning many years) and there is substantial concern that investigative and other costs could mount considerably which would be the Defendant's personal responsibility.

WHEREFORE Defendant prays that his Court permit her to waive her appearance at her arraignment and to accept her written plea of not guilty.

Respectfully Submitted,

LAW OFFICES OF WILLIAM L. GAVRAS

Dated: August 28, 2008    By: _____
WILLIAM L. GAVRAS, ESQ.
Attorney for Defendant
LESLEE HOUSTON

<u>USA v. Houston, et. al.;</u> 07-00108
**Motion to Permit Defendant to Waive Appearance At Arraignment Pursuant To Rule 10(B)**
**August 2008**

## CERTIFICATE OF SERVICE

I certify that I will cause to be served upon the Office of the U.S. Attorney a true and correct copy of this document on or before August 28, 2008.

LAW OFFICES OF WILLIAM L. GAVRAS

Dated: August 28, 2008        By: _____
                                   WILLIAM L. GAVRAS, ESQ.
                                   Attorney for Defendant
                                   LESLEE HOUSTON

# Exhibit A

William L. Gavras, Esq.
LAW OFFICES OF WILLIAM L. GAVRAS
A Professional Corporation
101 Salisbury Street
Dededo, Guam 96929
Telephone: 632-4357
Facsimile: 632-4368

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00108 |
| Plaintiff, | |
| vs. | DEFENDANT'S WAIVER OF APPEARANCE AT ARRAIGNMENT PURSUANT TO RULE 10(b). CONSENT TO ENTER PLEA |
| LESLEE HOUSTON, | |
| Defendant. | |

## WAIVER OF APPEARANCE AT ARRAIGNMENT; CONSENT TO ENTRY OF PLEA

I, Leslee Houston, having been charged in an eleven count indictment herein with violations of 16 U.S.C. §§ 1538, 1538((a)(1)(E) and (F),1540(b)(1), 703, 3372(a)(1), (a)(4); 3373(d)(B) and 50 CFR §§ 10.13, 13.1, 17.11, 17.21(e), 21.11, 21.12 and 18 U.S.C. § 2, §1343, give up my right to be present at arraignment held in this case and consent to entry by my attorney, William Gavras, of a plea of not guilty to the charges against me. I have received a copy of the indictment and have discussed it with my attorney.

Dated: August 18, 2008

LESLEE HOUSTON
Defendant

Respectfully Submitted,

LAW OFFICES OF WILLIAM L. GAVRAS

Dated: August 28, 2008   By: _____
WILLIAM L. GAVRAS, ESQ.
Attorney for Defendant
LESLEE HOUSTON

# Exhibit B

# FEDERAL PUBLIC DEFENDER
# DISTRICT OF NEW MEXICO

Joseph W. Gandert
Supervisory Assistant
Albuquerque Office
111 Lomas NW, Suite 501
Albuquerque, NM 87102
Tel (505) 346-2489
Fax (505) 346-2494

Stephen P. McCue
Federal Public Defender
Albuquerque

Robert E. Kinney
Supervisory Assistant
Las Cruces Office
506 S. Main, Suite-600
Las Cruces, NM 88001
Tel (575) 527-6930
Fax (575) 527-6933

August 18, 2008
VIA FACSIMILE (671-632-4369)

William L. Gavras
101 Salisbury St.
Dededo, Guam 96929

RE: United States v. Leslee Houston
USDC No. 08mj1571

Dear Mr. Gavras:

As you are aware, I represented Ms. Houston at her Fed.R.Crim.P. 5 hearing concerning her return to Guam. Ms. Houston was initially arrested on July 3, 2008 and had her initial hearing and detention hearing on that date. Also on July 3, 2008, Ms. Houston admitted her identity. Ms. Houston never sought to fight or delay her return to Guam.

Because the initial detention hearing was held shortly at the end of the business day before the 4th of July weekend, the Court reconvened on July 7, 2008. The Court allowed her to reside with Erynn Pierce and released her from custody. Although redacted on the enclosed form, the Probation Office and the Court had both the address and telephone number of Ms. Houston and the third party custodian, Ms. Pierce. Please note that the time and place of Ms. Houston's next court date was left blank.

Subsequent to releasing Ms. Houston, the federal court in Guam set the hearing date for Thursday, July 24, 2008. That date was never mentioned at the hearing on July 3 and 7, 2008.

There appears to be miscue between the federal court of New Mexico, the probation office, federal court in Guam and myself about informing Ms. Houston of the July 24, 2008 date in Guam. I was personally unaware of it at the time that we conversed in July.

Ms. Houston and I had discussed several possibilities concerning her hearing date in Guam. First, as I discussed with you, there was a possibility of proceeding with her arraignment without her personal appearance pursuant to Fed.R.Crim.P. 10(b). Furthermore, we also discussed the possibility of appearance by video conference pursuant to Fed.R.Crim.P. 10(c). Finally, I informed her that the District Court has discretion to require the Marshals Service to pay her expenses to Guam for a hearing. Thus, it was not Ms. Houston's intention to avoid appearing for arraignment.

Since being placed on conditions of release on July 7, 2008, Ms. Houston has complied with her conditions of her release. If you have any further questions or need additional information, please do not hesitate to contact me regarding her hearing date in Guam.

Very truly yours,

JOHN V. BUTCHER
Assistant Federal Public Defender
Albuquerque Office

JVB:jlb

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 3 2008

MATTHEW J. DYKMAN
CLERK

NEW MEXICO

UNITED STATES OF AMERICA

v.

Leslee Houston
Defendant

WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint/Indictment)

CASE NUMBER: 08 mJ 1571

CHARGING DISTRICTS
CASE NUMBER: CR-07-108

I understand that charges are pending in the _____ District of Guam

alleging violation of 16 U.S.C. §§ 1538, 703 & 3372 and that I have been arrested in this district and
18 U.S.C. § 1343
(Title and Section)

taken before a judge, who has informed me of the charge(s) and my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4) Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

[X] Identity hearing

( ) preliminary hearing

( ) identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
Defendant

_____
Defense Counsel

July 3, 2008
Date

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
08 JUL -7 PM 1:42

CLERK ALBUQUERQUE

UNITED STATES OF AMERICA

VS.

**ORDER SETTING CONDITIONS OF RELEASE**

LESLEE HOUSTON
DEFENDANT

CASE NUMBER: 08-MJ-1571

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
Place

_____ on _____
Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( X ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($ _____ )
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( X ) (6) The defendant is placed in the custody of:
(Name of person or organization) ERYNN ELIZABETH PIERCE
(Address) _____
(City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____ 7/7/08
Custodian or Proxy                Date

( X ) (7) The defendant shall:
- (X) (a) report to the Pre-Trial Services/Probation Officer as directed, telephone number _____, not later than _____.
- ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
- ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
- ( ) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- ( ) (g) surrender any passport to: _____
- ( ) (h) obtain no passport.
- (X) (i) abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Sandoval County and travel to meet with her attorney or for court appearances in Guam, or as otherwise authorized by PTS
- (X) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: Defendant may have contact with Barry Cox, but shall have no contact with any other witnesses in this case.
- ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
- ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- (X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- (X) (o) refrain from (X) any ( ) excessive use of alcohol.
- (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (X) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
- ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
- ( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
  - ( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
  - ( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
- (X) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- (X) (v) Defendant must resolve outstanding warrants within 60 days.
- (X) (w) Weapons in the home of the Third Party Custodian must be immediately removed.
- ( ) (x) _____

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

Witness: _____
Deputy Clerk

_____
Address

_____        _____
City and State                                  Telephone

### Directions to United States Marshal

( ) The defendant is ORDERED released after processing.
( X ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

Date: _____July 7, 2008_____

_____
Signature of Judicial Officer
HON. ALAN C. TORGERSON
U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION: COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL